17-CV-7414 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERTA MORALES,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

*Of Counsel*:
William S.J. Fraenkel
Katerina Souliopoulos

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iv

PRELIMINARY STATEMENT .............................................................................................. 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT ......................................................................................................................... 6

POINT I

THE DOCTRINES OF COLLATERAL ESTOPPEL
AND RES JUDICATA BAR PLAINTIFF'S CLAIMS ............................................ 6

    A.   Collateral Estoppel Mandates Dismissal Of
        Plaintiff's Claims ....................................................................................... 6

    B.   Res Judicata Mandates Dismissal Of Plaintiff's
        Claims ........................................................................................................ 7

POINT II

PLAINTIFF'S CONSTITUTIONAL AND
RETALIATION CLAIMS ARE DEFICIENT AND
MUST BE DISMISSED ........................................................................................ 9

    A.   Failing To Plead Facts Suggesting A Plausible
        Claim Mandates Dismissal ...................................................................... 9

    B.   Plaintiff's Federal Constitutional Claims Must Be
        Dismissed For Failing To Plead Facts Plausibly
        Suggesting A *Monell* Violation .............................................................. 10

    C.   Plaintiff's Retaliation Claims Should Be DImissed
        For Failing To Plead Facts Plausibly Suggesting
        She Engaged In Protected Activity ........................................................ 11

    D.   Plaintiff's Due Process Claim Must Be Dismissed ................................ 13

    E.   Any Liberty Interest Claim Must Be Dismissed ..................................... 14

    F.   The DOE Complied With All Applicable Provisions
        Of New York Education Law When Bringing
        Section 3020-a Charges Against Plaintiff ............................................. 15

POINT III

PLAINTIFF'S STATE LAW CLAIMS MUST BE
DISMISSED ................................................................................... 19

A.   Plaintiff's Failure To File A Notice Of Claim
Requires Dismissal Of All State Law Claims ............................................. 19

B.   Plaintiff's State Law Claims Are Barred By The
Statute Of Limitations................................................................... 20

A.   Plaintiff's Negligent And Intentional Infliction Of
Emotional Distress Claims Must be Dismissed ........................................... 21

D.   Plaintiff's State Due Process Claim Must Be
Dismissed ................................................................................ 22


CONCLUSION .......................................................................................... 23

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Adams v. N.Y. State Educ. Dep't.*,
    2010 U.S. Dist. LEXIS 15635 (S.D.N.Y. Feb. 23, 2010) ........................................................14

*Amy Ingber, et al. v. N.Y.C. Dept. of Educ.*, ("*Morales I*")
    2014 U.S. Dist. LEXIS 170007 (S.D.N.Y. Dec. 8, 2014) ............................................. *passim*

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................9

*Arredondo v. Cnty. of Nassau.*,
    2012 U.S. Dist. LEXIS 36156 (E.D.N.Y. Mar. 16, 2012) ....................................................14

*Bacchus v. N.Y.C. Dept. of Educ.*,
    137 F. Supp. 3d 214 (E.D.N.Y. 2015) ..................................................................................19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................................9

*Bellissimo v. Mitchell*,
    122 A.D.3d 560 (2d Dep't 2014) ..........................................................................................20

*Berrios v. Our Lady of Mercy Medical Ctr.*,
    20 A.D.3d 361 (1st Dep't 2005) ...........................................................................................22

*Bidnick v. Johnson*,
    253 A.D.2d 779 (2d Dep't. 1998) .........................................................................................19

*Biggers v. Brookhaven-Comsewogue Union Free School District*,
    127 F. Supp. 2d 452 (S.D.N.Y. 2001) ..................................................................................19

*Bisson v. Martin Luther King Jr. Health Clinic*,
    2008 U.S. App. LEXIS 23977 (2d Cir. Nov. 20, 2008) .........................................................9

*Bisson v. Martin Luther King Jr. Health Clinic*,
    564 U.S. 1057 (2011) ..............................................................................................................9

*Blasi v. N.Y.C. Bd. of Educ.*,
    2012 U.S. Dist. LEXIS 113798 (E.D.N.Y. Mar. 12, 2012) ..................................................13

*Blasi v. N.Y.C. Bd. of Educ.*,
    544 F. Appx. 10 (2d Cir. 2013) ............................................................................................13

*Blythe v City of N.Y.*,
   963 F. Supp. 2d 158 (E.D.N.Y. 2013) ..................................................................7

*rdinale v. Speranza*,
   21 A.D.3d 297 (1st Dep't 2005) .......................................................................22

*Cardinale v. The N.Y.C. Dept. of Educ.*,
   No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018) ............................3, 17

*Chase Group Alliance LLC v. City of N.Y. Dep't of Fin.*,
   620 F.3d 146 (2d Cir. N.Y. 2010) ......................................................................14

*Constantine v. Teachers Coll.*,
   448 F. Appx. 92 (2d Cir. 2011) ..........................................................................7

*Cruz v. Coach Stores, Inc.*,
   202 F.3d 560 (2d Cir. 2000) .............................................................................12

*Davidson v. Bronx Mun. Hosp.*,
   64 N.Y.2d 59 (1984) .......................................................................................19

*DePrima v. City of N.Y. Dep't of Educ.*,
   2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. Mar. 20, 2014) ......................................14

*Devito v. Barrant*,
   2005 U.S. Dist. LEXIS 22444 (E.D.N.Y. Aug. 23, 2005) ......................................22

*Dorcely v. Wyandanch Union Free Sch. Dist.*,
   665 F. Supp. 2d 178 (E.D.N.Y. 2009) ................................................................13

*Durham v. SUNY Rockland Cmty. Coll.*,
   2016 U.S. Dist. LEXIS 3713 (S.D.N.Y. Jan. 12, 2016).........................................10

*Dunn v. N.Y.C. Dep't of Educ.*,
   No. 115639/11,
   2011 N.Y. Misc. LEXIS 3918 (Sup. Ct., N.Y. Cnty. July 27, 2011).......................16

*Dwares v. City of N.Y.*,
   985 F.2d 94 (2d Cir. 1992)...............................................................................10

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981)..........................................................................................7

*Flores v. City of Mount Vernon*,
   41 F. Supp. 2d 439 (S.D.N.Y. 1999)..................................................................22

*Graupner v. Roth*,
   293 A.D.2d 408 (1st Dep't 2002) ......................................................................21

*Haas v. N.Y.C. Bd./Dept. of Educ.*,
   2012 N.Y. Misc. LEXIS 1590 (Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ........................................16

*Howell v. New York Post Co., Inc.*,
   81 N.Y.2d 115 (1993) ........................................................................................................22

*Krauz v. Commack Union Free Sch. Dist.*,
   203 A.D.2d 334 (2d Dep't 1996) ........................................................................................20

*Krug v. Cnty. of Rennselaer, et al.*,
   559 F. Supp. 2d 223 (N.D.N.Y. 2008) ................................................................................22

*Leibovitz v. City of N.Y.*,
   2015 U.S. Dist. LEXIS 170476 (S.D.N.Y. Dec. 18, 2015) .............................................20, 22

*Leo v. N.Y.C. Dep't of Educ.*,
   2014 U.S. Dist. LEXIS 161480 (E.D.N.Y. Nov. 17, 2014) ....................................................7

*Littlejohn v. City of N.Y.*,
   795 F.3d 297 (2d Cir. 2015) .................................................................................................9

*Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*,
   779 F.3d 102 (2d Cir. 2015) .................................................................................................8

*Massaro v. N.Y.C. Dep't of Educ.*,
   481 F. Appx. 653 (2d Cir. 2012) .........................................................................................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d Cir. 2013) ...............................................................................................12

*Monell v. Dep't of Soc. Servs. of City of N.Y.*,
   436 U.S. 658 (1978) ...........................................................................................................10

*Moore v. City of N.Y.*,
   2010 U.S. Dist. LEXIS 19183 (S.D.N.Y. Mar. 1, 2010) .......................................................19

*Moore v. Melesky*,
   14 A.D.3d 757 (3d Dep't 2005) ...........................................................................................21

*Morales v. N.Y.C. Bd./Dept. of Educ.*, (*Morales II*)
   No. 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb. 1, 2016)................................. *passim*

*Morales v. N.Y.C. Bd./Dept. of Educ.*,
   150 A.D.3d 468 (1st Dep't 2017) .............................................................................3, 5, 13, 14

*Murphy v. American Home Products Corp.*,
   58 N.Y.2d 293 (1983) ........................................................................................................22

*Murphy v. American Home Products Corp.*,
   136 A.D.2d 229 (1st Dep't 1988) ........................................................................22

*Murray v. LeRoy Cent. Sch. Dist.*,
   67 N.Y.2d 775 (1986) ........................................................................................19

*Murray v. LeRoy Cent. Sch. Dist.*,
   112 A.D.2d 715 (4th Dep't 1985) .........................................................................19

*N.Y. Bus Tours v. Kheel*,
   993 F.2d 1533 (2d Cir. 1993)..............................................................................19

*Pape v. Bd. of Educ.*,,
   2013 U.S. Dist. LEXIS 106471 (S.D.N.Y. July 28, 2013) .................................11, 12

*Parochial Bus Systems v. Bd. of Educ.*,
   60 N.Y.2d 539 (1983) ........................................................................................19

*Peek v. Williamsville Bd. of Educ.*,
   221 A.D.2d 919 (4th Dep't 1995).........................................................................20

*Pina-Pena v. N.Y.C. Dep't. of Educ.*,
   No. 100517/13,
   2014 N.Y. Misc. LEXIS 1630 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ...................16, 17

*Ricca v. Board of Education*,
   47 N.Y.2d 385 (1979) ..................................................................................... 17-18

*Sangermano v. Board of Cooperative Educ. Services*,
   290 A.D.2d 498 (2d Dep't. 2002) ........................................................................19

*Sangermano v. Board of Cooperative Educ. Services*,
   99 N.Y. 2d 531 (2002) .......................................................................................19

*Schaffer v. Horizon Pharma PLC*,
   2018 U.S. Dist. LEXIS 8114 (S.D.N.Y. Jan. 18, 2018)...........................................9

*Seltzer v. Bayer*,
   272 A.D.2d 263 (1st Dep't 2000) ...................................................................21, 22

*Skates v. Inc. Vill. of Freeport*,
   2016 U.S. Dist. LEXIS 16564 (E.D.N.Y. Jan. 28, 2016) ........................................9

*Smith v. City of N.Y.*,
   130 F. Supp. 3d 819 (S.D.N.Y. 2015).......................................................7, 11, 13

*Smith v. City of N.Y.*,
   2016 U.S. Dist. LEXIS 118281 (S.D.N.Y. Sep. 1, 2016).......................................10

*Smith v. City of N.Y.*,
   2017 U.S. Dist. LEXIS 74499 (S.D.N.Y. May 16, 2017)......................................................11

*Thomas v. Goord*,
   215 Fed. Appx. 51 (2d. Cir. 2007).........................................................................................11

*United States v. N.Y.C. Dept. of Educ.*,
   2017 U.S. Dist. LEXIS 45816 (S.D.N.Y. Mar. 28, 2017).....................................................19

*Vega v. Lantz*,
   596 F.3d 77 (2d. Cir. 2010).....................................................................................................15

*Velez v. Levy*,
   401 F.3d 75 (2d. Cir. 2005).....................................................................................................15

*Wyllie v. Dist. Attorney of the Cnty. of Kings, et al.*,
   2 A.D.3d 714 (2d Dep't 2003)...............................................................................................21

*Woodlock v. Orange Ulster B.O.C.E.S.*,
   281 F. Appx. 66 (2d Cir. 2008)...............................................................................................13

*Woodlock v. Orange Ulster B.O.C.E.S.*,
   2006 U.S. Dist. LEXIS 45085 (S.D.N.Y. June 20, 2006).....................................................13

## **Other Authorities**

First Amendment to the United States Constitution ("First Amendment")........................... *passim*

Fourth Amendment to the United States Constitution ("Fourth Amendment") ...................2, 4, 10

Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment").......2, 4, 10

New York State Constitution, Article I..................................................................................2, 4, 22

## **Statutes**

42 U.S.C. § 1983 ("§ 1983")................................................................................................2, 10, 14, 22

Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq.* .......................................................2, 8, 11, 12

N.Y. Education Law § 3020-a ("section 3020-a")................................................................ *passim*

N.Y. Education Law § 2590-h(19), ("section 2590-h(19)").........................................................16

N.Y. Education Law § 2590-h(38) ("section 2590-h(38)").........................................................16

N.Y. Education Law § 2590-f(1)(b) ("section 2590-f(1)(b)").........................................................16

N.Y. C.P.L.R. § 215(3) ...........................................................................................................20

**<u>Rules</u>**

F.R.C.P. 12(c) ............................................................................................................................2

## PRELIMINARY STATEMENT

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE" or "Defendant"), respectfully submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(c), to dismiss the Complaint against Defendant in its entirety on the grounds that Plaintiff's claims are barred by collateral estoppel and res judicata, and that the Complaint fails to state a claim upon which relief can be granted.

On September 28, 2017, Plaintiff, a former tenured DOE special education teacher, initiated the instant proceeding regarding her 2015 termination from the DOE. Plaintiff's Complaint alleges that Defendant infringed her due process rights in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, and under Article I of the New York State Constitution.  She further asserts that Defendant discriminated and retaliated against her in violation of the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq*. ("Rehabilitation Act"), after she "spoke out on behalf of her students."  *See* Complaint, ECF Doc. No. 1, ¶ 10. Finally, Plaintiff alleges that Defendant violated her freedom of speech guaranteed under the First Amendment of the United States Constitution, and that Defendant engaged in tortious interference with contract, intentional, and negligent infliction of emotional distress.

Defendant now moves to dismiss the Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(c) for the following reasons.  Collateral estoppel and res judicata bar Plaintiff's claims under the Fourth and Fourteenth Amendments to the United States Constitution and under the New York State Constitution and Education Law.  These claims and matters were fully asserted, litigated and decided, on the merits, in Plaintiff's previous federal action, *Amy Ingber, et al. v. N.Y.C. Dept. of Educ.*, 2014 U.S. Dist. LEXIS 170007 (S.D.N.Y. Dec. 8, 2014, No. 14-CV-3942 (JMF)) (hereinafter referred to as "*Morales I*"), and state court Article 75

proceeding, *Morales v. N.Y.C. Bd./Dept. of Educ.*, Index 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb. 1 2016) *aff'd by*, *Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017) (hereinafter referred to as "*Morales II*").[1]

Similarly, Plaintiff's First Amendment, tortious interference with contract, and intentional and negligent infliction of emotional distress claims are barred by res judicata. These claims arise out of the same operative facts that formed the basis of the claims alleged in her prior proceedings. In that Plaintiff could have asserted these claims in *Morales I* or *Morales II*, but failed to do so, they are now barred by res judicata and must be dismissed.

Moreover, the Complaint must also be dismissed for failing to plead facts plausibly suggesting that Defendant discriminated, retaliated or violated Plaintiff's right to free speech, infringed upon a protected liberty or property interest, subjected Plaintiff to intentional or negligent infliction of emotional distress, or tortuously interfered with a contract. Plaintiff's state law claims must further be dismissed for failure to file a notice of claim and for substantive deficiencies.

## STATEMENT OF FACTS[2]

In August 2013, Defendant preferred charges and specifications against Plaintiff pursuant to Education Law Section 3020-a. *See Morales II*, annexed to the Souliopoulos Decl. as Ex. "1," at 1. The DOE alleged incompetent and inefficient service, insubordination, neglect

---

[1] Judicial notice may be taken of Plaintiff's prior federal and state litigations and the resulting judicial opinions. Accordingly, solely the unreported decisions in *Morales v. N.Y.C. Bd./Dept. of Educ.*, Index 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb. 1, 2016) *aff'd by*, *Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017), and *Cardinale v. The N.Y.C. Dept. of Educ.*, No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018), are annexed to the Declaration of Assistant Corporation Counsel Katerina Souliopoulos ("Souliopoulos Decl.") as Exhibits ("Exs.") "1-2," respectively.

[2] For purposes of this motion only, Defendant takes the Complaint's allegations as true.

of duty, poor judgment, and unwillingness and/or inability to follow procedures and carry out normal duties over the course of three school years. *See id*. Plaintiff was accorded an evidentiary hearing before a neutral arbitrator who ultimately found Plaintiff guilty of incompetent and inefficient service, insubordination, neglect of duty, poor judgment, and unwillingness and/or inability to follow procedures and carry out normal duties, during the 2010-11, 2011-12, and 2012-13 school years. *See id*. at 1-2. Based on those findings, the arbitrator also determined that just cause existed to terminate Plaintiff's employment. *See id*. at 2. Consequently, DOE terminated Plaintiff's employment. *See id*.

Before being terminated, Plaintiff was one of seven individuals who in 2014 brought a federal action which came before Your Honor. *See Ingber v. N.Y.C. Dep't of Educ.*, No. 14-Civ.-3942 (JMF), 2014 U.S. Dist. LEXIS 170007 (S.D.N.Y. Dec. 8, 2014) ("*Morales I*"). That federal action asserted that Defendant's procedures for teacher discipline violated procedural due process rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Article I of the New York State Constitution. *See id.* at *1. Plaintiffs contended that their due process rights were violated because Defendant did not comply with the procedures set out in Education Law Section 3020-a. *Id.*

Defendant moved to dismiss that federal action for failing to state a claim upon which relief may be granted. *See id.* Your Honor granted Defendant's motion and dismissed the complaint in its entirety. Your Honor held that Plaintiffs failed to adequately plead deprivation of a protected property or liberty interest, that they had been accorded all the process due to them, and declined to rule regarding Plaintiffs' state law claims. *See id.* at *6-7, 10, 11-12.

After dismissal of her federal claims, Plaintiff invoked state court procedures in 2015 to reverse the arbitrator's award in the form of an Article 75 proceeding in New York

County State Supreme Court. *See Morales II*, annexed to the Souliopoulos Decl. as Ex. "1." In that proceeding Plaintiff alleged that: (1) the penalty of termination was an excessive and unwarranted punishment for unproven allegations; (2) the Opinion and Award was made without the arbitrator's strict adherence to the requirements of New York State Education Law Section 3020-a; (3) the arbitrator was not neutral and impartial; (4) the arbitrator's Opinion and Award denied her due process; (5) the Opinion and Award was arbitrary and capricious; and, (6) the penalty of termination was shocking to one's sense of fairness. *See id*. at 2-3. Defendant cross-moved to dismiss. *See id.* at 1.

In March 2016, Justice Chan granted Defendant's cross-motion in its entirety and dismissed the Petition. Justice Chan held that Defendant did not violate the procedures of Education Law section 3020-a, and that Plaintiff failed to demonstrate presence of any grounds for vacatur under Education Law § 3020-a(5) and N.Y. C.P.L.R. § 7511(b). *See id.* at 4-8.

Plaintiff appealed Justice Chan's decision and order to the New York State Supreme Court, Appellate Division, First Department. *See Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017). In a decision and order dated May 11, 2017, the First Department affirmed Justice Chan's decision and order in its entirety holding that (1) Plaintiff's due process rights were not violated, (2) the Opinion and Award was supported by the record and thus not arbitrary or capricious, (3) Plaintiff's claims of bias were unfounded, (4) the penalty of termination was appropriate given Plaintiff's documented failings as a pedagogue, and (5) Plaintiff's remaining claims lacked merit. *See id.* at 468-469.

On September 28, 2017, Plaintiff initiated this third action regarding her termination from DOE.

## ARGUMENT

### POINT I

### THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFFS CLAIMS

**A.     Collateral Estoppel Mandates Dismissal Of Plaintiff's Claims[3]**

Under the collateral estoppel or issue preclusion doctrine, if an issue is actually and necessarily decided by a court of competent jurisdiction, that determination is conclusive in subsequent suits by a party even if based on different causes of action. *LB v. Hines*, No. 15-cv-5238 (NSR), 2018 U.S. Dist. LEXIS 61534, at *5-7 (S.D.N.Y. Apr. 10, 2018) (quoting *Montana v. United States*, 440 U.S. 147, 153, (1979)). Federal courts must give the same preclusive effect to New York state court judgments as would the New York courts themselves. *El-Shabazz v. State of N.Y. Comm. on Character & Fitness*, 428 F. Appx. 95, 96 (2d Cir. 2011), *aff'g.* 2010 U.S. Dist. LEXIS 137177 (E.D.N.Y. May 4, 2010). A party seeking to assert collateral estoppel must show that in the prior proceeding: (1) the identical issue was raised; (2) the issue was actually litigated and decided; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *LB v. Hines*, 2018 U.S. Dist. LEXIS 61534, at *5-7.

Here, Plaintiff raises six disputes which were previously decided against her in a New York State Supreme Court Article 75 proceeding (*Morales II*). Plaintiff alleges that: (1) the DOE failed to comply with New York Education Law section 3020-a, thus violating her due process, (2) because the DOE failed to comply with section 3020-a, the arbitrator did not have

---

[3]     Pursuant to Rule 7.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York, Defendant provided Plaintiff *pro se* with copies of cases and other authorities cited in this memorandum that are unpublished or reported exclusively on computerized databases.

subject matter jurisdiction to proceed, (3) the arbitrator was biased against her, (4) the arbitrator's decision was irrational or otherwise arbitrary or capricious, (5) the arbitrator incorrectly found just cause for her termination, and (6) the penalty of termination was shocking to the conscience.  Plaintiff raises the same issues in the instant matter.  *Compare* Complaint, ECF Doc. No. 1, ¶¶ 11, 14-15, 18, 20-26, *with Morales II*, annexed to the Souliopoulos Decl. as Ex. "1."

Both the State trial and appellate courts in *Morales II* actually and necessarily considered and decided the aforementioned issues and found them lacking merit.  *See Morales II,* annexed to the Souliopoulos Decl. as Ex. "1," at 4-8.  Moreover, "[a]s a general matter, the Second Circuit has held that Article 78 proceedings afford plaintiffs 'full and fair opportunity' to litigate issues." *Leo v. N.Y.C. Dep't of Educ.*, No. 13 CV 2271 (RJD) (JMA), 2014 U.S. Dist. LEXIS 161480, at *13 (E.D.N.Y. Nov. 17, 2014) (citing *Constantine v. Teachers Coll.*, 448 F. Appx. 92, 94-95 (2d Cir. 2011)).  Therefore, Plaintiff's claims regarding section 3020-a procedures, due process, whether the arbitrator who presided over her evidentiary hearing had proper subject matter jurisdiction, as well as the arbitrator's decision, are each barred in the instant proceeding by collateral estoppel.  *See Blythe v City of N.Y.*, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013) (holding in part that "Plaintiff's second and third arguments [regarding lack of probable cause and hearing officer bias] are barred by the doctrine of collateral estoppel because they were raised and rejected in plaintiff's Article 75 petition to vacate the arbitration award.").

**B.      Res Judicata Mandates Dismissal Of Plaintiff's Claims**

The doctrine of res judicata, or claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 828 (S.D.N.Y. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  A

defendant asserting res judicata must show "that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (quoting *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015)).

In the Complaint Plaintiff asserts claims under the First Amendment and Rehabilitation Act, and in tort for tortious interference with her contract. *See* Complaint, ECF Doc. No. 1, ¶¶ 4, 10, 28. Namely, Plaintiff claims that her advocacy on behalf of special education students was protected speech and protected activity for which DOE retaliated against her in violation of the First Amendment and the Rehabilitation Act. Plaintiff also claims that DOE tortuously interfered with a contract when it deprived Plaintiff of her tenure rights.

As noted above, Plaintiff previously came before the New York State Supreme Court challenging the charges brought against her under Education Law section 3020-a and the procedures afforded her under that statute. (*Morales II*). To the extent the New York State Supreme Court system already considered, and dismissed, these claims of Plaintiff's, those claims are now barred. Insofar as Plaintiff's instant claims arise from the same facts underlying both *Morales I* and *Morales II,* Plaintiff could have raised these claims in the prior proceedings. Even if Plaintiff failed to do so, the doctrine of res judicata prevents her from doing so now and Plaintiff's claims for First Amendment retaliation, retaliation under the Rehabilitation Act, and in tort for tortious interference with a contract must be dismissed.

## POINT II

## PLAINTIFF'S CONSTITUTIONAL AND RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED

### A.    Failing To Plead Facts Suggesting A Plausible Claim Mandates Dismissal

Although in reviewing a motion to dismiss a court must accept a complaint's factual allegations as true, drawing all reasonable inferences in favor of the plaintiff, if the plaintiff nonetheless fails to plead sufficient facts to state a facially plausible a claim for relief the complaint must be dismissed. A facially plausible a claim is one containing sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged violation. Facts creating nothing more than a sheer possibility that a defendant has acted unlawfully are insufficient. The alleged facts must nudge the claims across the line from conceivable to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Schaffer v. Horizon Pharma PLC*, No. 16-CV-1763 (JMF), 2018 U.S. Dist. LEXIS 8114, at *8 (S.D.N.Y. Jan. 18, 2018).

The pleading standards outlined by the Supreme Court in *Twombly* and *Iqbal* are applicable to employment discrimination claims. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 310 (2d Cir. 2015). Importantly, although a plaintiff need not plead all the elements of a prima facie case, "the elements of the prima facie case are considered in the context of a motion to dismiss... because they provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." *See Skates v. Inc. Vill. of Freeport*, 2016 U.S. Dist. LEXIS 16564, *21-22 (E.D.N.Y. Jan. 28, 2016) (internal quotations and citations omitted) (alterations in original). Pro Se status does not exempt a plaintiff from these pleading requirements. *See Bisson v. Martin Luther King Jr. Health Clinic*, 2008 U.S. App. LEXIS 23977, at *2 (2d Cir.

Nov. 20, 2008) (internal citations omitted), *cert. denied*, 563 U.S. 1002 (2011), *reh'g denied*, 564 U.S. 1057 (2011).

**B.**     **Plaintiff's Federal Constitutional Claims Must Be Dismissed For Failing To Plead Facts Plausibly Suggesting A *Monell* Violation**

Claims alleging violations of constitutional rights must be brought, as Plaintiff does in this case, via 42 U.S.C. § 1983.  *Durham v. SUNY Rockland Cmty*. Coll., No. 14-CV-607 (TPG), 2016 U.S. Dist. LEXIS 3713, at *9 (S.D.N.Y. Jan. 12, 2016).  A municipal entity, such as Defendant DOE, can only be liable under § 1983 if the alleged unconstitutional action was the result of an official policy, practice or custom.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-692 (1978).  "The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."  *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1992).  Further, a plaintiff cannot use a single instance of a constitutional violation, including her own isolated experience, to prove a *Monell* violation.  *Smith v. City of N.Y.*, No. 15-CV-4493 (RJS), 2016 U.S. Dist. LEXIS 118281, at *15-17 (S.D.N.Y. Sep. 1, 2016).

The Complaint in this matter fails to plead any facts plausibly suggesting that any of the rights to which Plaintiff is entitled under the First, Fourth, or Fourteenth Amendments to the United States Constitution were violated in any manner, let alone violated pursuant to an official policy, practice or custom.  Particularly noteworthy is the Complaint's reference to the Fourth Amendment which relates solely to governmental searches and seizures.  Plaintiff has not plead any acts which would possibly, let alone plausibly, suggest any violation the Fourth Amendment.  Further, Plaintiff fails to plead any facts plausibly suggesting that Defendant violated her First or Fourteenth Amendments pursuant to an official policy, rather than her own

isolated experience.  Consequently, all of Plaintiff's alleged Federal constitutional claims must be dismissed.

**C.      Plaintiff's Retaliation Claims Should Be Dismissed For Failing to Plead Facts Plausibly Suggesting She Engaged In Protected Action**

Plaintiff's Complaint asserts that she was retaliated against in violation of her rights under the First Amendment to the Federal Constitution and under Section 504 of the Rehabilitation Act, due to her "advocacy" on behalf of special education students at her school. Plaintiff specifically asserts that DOE retaliated against her by preferring section 3020-a charges against her for the school years 2010-11, 2011-12, 2012-13.  See Complaint, ECF Doc. No. 1, ¶ 4, 17.

To establish a First Amendment retaliation claim, a plaintiff must prove that: (1) she engaged in constitutionally protected speech when speaking as a citizen on a matter of public concern; (2) that she suffered an adverse employment action; and (3) a causal connection between the protected speech and adverse employment decision.  *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 831 (S.D.N.Y. 2015).  A claim for retaliation pursuant to the First Amendment to the United States Constitution must also "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms."  *Smith v. City of N.Y.*, 2017 U.S. Dist. LEXIS 74499, at *7-8 (S.D.N.Y. May 16, 2017) (quoting *Thomas v. Goord*, 215 Fed. Appx. 51, 53 (2d. Cir. 2007)).

To state a claim for retaliation under Section 504 of the Rehabilitation Act, a plaintiff must establish that: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action."  *Pape v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 106471,

at *48-49 (S.D.N.Y. July 28, 2013) (citing *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002)). Protected activity is any "action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000), *superseded by regulation, Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102 (2d Cir. 2013)). To constitute protected activity, a complaint must be "sufficiently pointed to be reasonably understood as a complaint of discrimination." *Pape,* 2013 U.S. Dist. LEXIS 106471, at *49.

Plaintiff's retaliation claims under both the First Amendment to the United States Constitution and under Section 504 of the Rehabilitation Act must be dismissed as the Complaint lacks the necessary detailed factual averments to make out the retaliation claims. The Complaint fails to provide detail as to what specific acts or comments constituted Plaintiff's alleged "advocacy." Indeed, Plaintiff fails even to allege when the protected speech occurred. Nor does Plaintiff articulate any basis for her conclusory claim that the DOE preferred section 3020-a charges against her based on her alleged advocacy. Consequently, even assuming Plaintiff indeed engaged in protected activity, Plaintiff cannot establish a causal connection between the alleged protected activity and her termination. Thus, her claim First Amendment and Rehabilitation Act fail and must be dismissed.[4]

Plaintiff's First Amendment claim would also necessarily fail because "it is well established that a teacher's communications made within internal school channels about the teacher's working conditions and the treatment of the teacher's students, are deemed to be

---

[4]    Moreover, if Plaintiff's termination were retaliatory, that would have been grounds for the State Supreme Court to have reversed, via Plaintiff's Article 75 proceeding, the Arbitration award. As that argument was either rejected or not made to the State Court, Plaintiff is precluded from asserting it in this action under the res judicata and collateral estoppel doctrines discussed above *supra* section I, pages 6-8.

pursuant to the teacher's official duties and therefore do not constitute First Amendment protected speech." *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 832 (S.D.N.Y. 2015). *See also Massaro v. N.Y.C. Dep't of Educ.*, 481 F. Appx. 653, 655-56 (2d Cir. 2012) (teacher's complaints regarding sanitary and health conditions in her classroom were not protected speech); *Woodlock v. Orange Ulster B.O.C.E.S.*, 281 F. Appx. 66, 68 (2d Cir. 2008), *rev'g* 2006 U.S. Dist. LEXIS 45085 (S.D.N.Y. June 20, 2006) (counselor's communications regarding lack of physical education and art classes were not protected speech); *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 207 (E.D.N.Y. 2009) (teacher's complaints of insufficient educational and instructional resources and inappropriate curriculum were not protected speech). Even if Plaintiff engaged in any advocacy for her special education students, such action would have been "undertaken in the course of performing her job are activities pursuant to official duties," and therefore cannot be deemed First Amendment protected speech. *Blasi v. N.Y.C. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 113798, at *99 (E.D.N.Y. Mar. 12, 2012, No. 00-CV-5320), *aff'd by* 544 F. Appx. 10, 12 (2d Cir. 2013). Accordingly, such speech, had it ever occurred would have been unprotected speech, which would therefore not give rise to a First Amendment claim.

**D.      Plaintiff's Due Process Claim Must be Dismissed**

Plaintiff claims that her termination was a violation of her due process rights. However, Plaintiff was presented with the charges against her, given a hearing by her employer before a neutral arbitrator and then appealed that decision via the New York State Court system. *See Morales II*, annexed to the Souliopoulos Decl. as Ex. "1," at 1, 2. *See also Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017). In 2015, Plaintiff brought an Article 75 proceeding to overturn the arbitrator's decision. When Plaintiff received an adverse ruling from the trial court, she appealed the decision to the First Department of the New York State

Appellate Division, which affirmed the lower court's ruling. *Morales*, 150 A.D.3d at 468 *aff'g*

*Morales v. N.Y.C. Bd./Dept. of Educ.*, Index 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb.

1 2016).

The hearing before the arbitrator and the appeal to the State Court system via an

Article 75 proceeding necessarily satisfied the dictates of due process. *DePrima v. City of N.Y.*

*Dep't of Educ.*, No. 12-CV-3626 (MKB), 2014 U.S. Dist. LEXIS 37866, at *22-26 (E.D.N.Y.

Mar. 20, 2014); *Arredondo v. Cnty. of Nassau*, 2012 U.S. Dist. LEXIS 36156, at *36 (E.D.N.Y.

Mar. 16, 2012). *See also Chase Group Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146,

153 (2d Cir. N.Y. 2010) ("So long as state appellate remedies are available, a Section 1983

action is not an available vehicle for relief . . . '[w]hen § 1983 claims allege procedural due

process violations, we nonetheless evaluate whether state remedies exist because that inquiry

goes to whether a constitutional violation has occurred at all.'")

Thus, Plaintiff received all the process to which she was entitled and her due

process claims should be dismissed. *See Ingber v. N.Y.C. Dep't of Educ.,* No. 14-CV-3942

(JMF), 2014 U.S. Dist. LEXIS 170007, at *10-11 (S.D.N.Y. Dec. 8, 2014); *Adams v. N.Y. State*

*Educ. Dep't*, 2010 U.S. Dist. LEXIS 15635, at *102-05 (S.D.N.Y. Feb. 23, 2010).

**E.     Any Liberty Interest Claim Must be Dismissed**

It appears that Plaintiff may be attempting to state a claim for deprivation of a

protected liberty interest by alleging a sigma-plus claim. Specifically, Plaintiff claims that the

DOE placed a "flag" or "problem code" associated with her file which makes it impossible for

her to find another job as a teacher. *See* Complaint, ECF Doc. No. 1, ¶¶ 1, 3. This claim must be

dismissed because the Complaint fails to plead facts plausibly suggesting, among other things,

that the DOE flag associated with Plaintiff's personnel file was made sufficiently public.

To state a claim for stigma-plus, Plaintiff must allege that the government (1) made an "utterance of a statement sufficiently derogatory to injure [the plaintiff's] reputation, that is capable of being proved false, and that [the plaintiff] claims is false," and (2) imposed a "material . . . burden or . . . alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010).  The statement at issue must also "be sufficiently public to create or threaten a stigma."  *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).

In the Complaint, Plaintiff makes no claim that the DOE publicly disseminated the "flag" associated with her file.  Rather, Plaintiff alleges that the flag is associated with her fingerprints at the DOE's Office of Personnel Investigation, meaning the flag is an internal matter.  *See* Complaint, ECF Doc. No. 1, ¶ 3.  Plaintiff's claim for the deprivation of a protected liberty interest through stigma-plus, must accordingly fail for lack of publicity.  Thus, as this Court ruled in *Ingber,* No. 14-CV-3942 (JMF), 2014 U.S. Dist. LEXIS 170007, at *9, any liberty interest claim by Plaintiff must be dismissed .

**F.      The DOE Complied With All Applicable Provisions of New York Education Law When Bringing Section 3020-a Charges Against Plaintiff**

As in her federal action, *Morales I* and state court proceeding, *Morales II*, Plaintiff claims in the instant Complaint that her procedural due process rights were violated because the DOE failed to comply with New York Education Law § 3020-a(2)(a).  Plaintiff contends that the statute is violated because there is no employing board voting in executive session to determine if probable cause exists to pursue a disciplinary hearing.  This, Plaintiff asserts, divests the arbitrator of jurisdiction to preside at 3020-a hearings.  *See* Complaint, ECF Doc. No. 1, ¶¶ 18, 20, 25.  Plaintiff is mistaken.

Plaintiff's arguments ignore the provisions of New York Education Law §§ 2590-h (19) and (38) which specifically grants the Chancellor the authority to "exercise all of the

duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff," and to "delegate the exercise of all such duties and responsibilities to all of the community superintendents of the city district."   N.Y. Educ. Law § 2590-h(38); *see also Dunn v. N.Y.C. Dep't of Educ.*, No. 115639/11, 2011 N.Y. Misc. LEXIS 3918, at *72 (Sup. Ct., N.Y. Cnty. July 27, 2011) (In "unambiguous terms," the statutory provisions of the Education Law "allow the Chancellor to delegate his or her powers with respect to [§ 3020-a].").

Section 2590-h(19) further provides that the Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated."  N.Y. Educ. L. § 2590-h(19).  Section 2590-f, in turn, authorizes Community Superintendents "to delegate any of her or his powers and duties to such subordinate officers or employees of her or his community district as she or he deems appropriate, at his or her sole discretion . . . ."  N.Y. Educ. Law § 2590-f (1-b).  The Chancellor of the DOE is thus authorized by New York Education Law to delegate his or her power of the employing board to determine probable cause and initiate section 3020-a proceedings against a tenured employee to the community superintendents, who lawfully may further delegate those responsibilities to local principals within their districts.  *See Pina-Pena v. N.Y.C. Dep't. of Educ.*, No. 100517/13, 2014 N.Y. Misc. LEXIS 1630, at *9-11 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ("Notably, this argument has already been cast aside by other trial courts in recent years."); *Haas v. N.Y.C. Bd./Dept. of Educ.*, No. 110190/11, 2012 N.Y. Misc. LEXIS 1590, at *3-4 (Sup. Ct. N.Y. Cnty. Apr. 4, 2012) ("the Hearing Officer was authorized to conduct the Education Law § 3020-a proceeding on the basis of the charges preferred by the principal of petitioner's school").

In that the law allows delegation of the Chancellor's authority to prefer charges against tenured pedagogical staff, there was no violation of statute, the disciplinary procedures were properly conducted under New York Education Law, and Plaintiff's claim must accordingly be dismissed.

Moreover, the recent decision, *Cardinale v. The N.Y.C. Dept. of Educ.*, No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018), does nothing to aid Plaintiff. *See* Souliopoulos Decl., Ex. "2." The Petition in that case was granted on denial of the DOE's cross motion to dismiss and without the DOE having been allowed to submit an answer. The Court held that the record, which was not developed, did not contain evidence that the then DOE Chancellor Carmen Fariña had made the delegation permitted by section 2590-h(19) of the Education Law. *See Cardinale*, annexed to the Souliopoulos Decl. as Ex. "2," at 8. On that basis the Petition was granted. The decision, however, supports Defendant's position. The *Cardinale* decision notes in footnote two on page 3, that the *Pina-Pena* case reflects that Chancellor Dennis [Walcott] *sic* issued the appropriate delegation of authority. *See id*. at 3, n.2. As reflected in *Morales II*, Plaintiff was charged in August 2013. *See Morales II*, annexed to the Souliopoulos Decl. as Ex. "1," at 1. This Court may take judicial notice that Dennis Wolcott served as DOE Chancellor from April 14, 2011 until December 31, 2013. Thus, at the time Plaintiff was charged in August 2013, the appropriate delegations pursuant to New York Education Law §§ 2590-h (19) and (38) were in effect.

Similarly, the matter of *Ricca v. Board of Education*, 47 N.Y.2d 385 (1979) does not provide any support for Plaintiff. The *Ricca* case does not involve section 3020-a disciplinary procedure. Rather, *Ricca* concerns the issue of whether a board of education could

maintain a teacher in a probationary status, allowing for termination without a hearing, by delaying the award of tenure.  *See id*. at 391.

Therefore, Plaintiff's claims alleging that DOE violated section 3020-a procedures, and accordingly her due process rights, are without merit and should be dismissed.

## POINT III

## PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

**A.      Plaintiff's Failure To File A Notice Of Claim Requires Dismal Of All State Law Claims**

New York State's Education Law and General Municipal Law forbid bringing any claim against a school district or its officers unless the party seeking to bring the claim first files a written notice of claim on the governing board of the school district within ninety days of the claim arising. N.Y. Educ. L. § 3813(1); N.Y. Gen. Mun. Law § 50-e(1)(a). *See also United States v. N.Y.C. Dept. of Educ.*, 2017 U.S. Dist. LEXIS 45816, at *6-7 (S.D.N.Y. Mar. 28, 2017) (citing *Bacchus v. N.Y.C. Dept. of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015).  A Plaintiff must plead and prove compliance with the notice of claim requirement, and failure to do so is grounds for dismissal. *See Moore v. City of N.Y.*, 2010 U.S. Dist. LEXIS 19183, at *27-29 (S.D.N.Y. Mar. 1, 2010); *Biggers v. Brookhaven-Comsewogue Union Free School District*, 127 F. Supp. 2d 452, 454 (S.D.N.Y. 2001).

Notice of claim requirements are strictly construed.  *See Murray v. LeRoy Cent. Sch. Dist.*, 67 N.Y.2d 775 (1986), *aff'g* 112 A.D.2d 715, 717 (4th Dep't 1985).  Consequently, if a litigant fails to properly file a notice of claim, she will be deemed to have failed to satisfy a necessary condition to initiate her claim and a proceeding thereafter filed will be dismissed.  *See Davidson v. Bronx Mun. Hosp.,* 64 N.Y.2d 59, 62 (1984); *Sangermano v. Board of Cooperative Educ. Services,* 290 A.D.2d 498 (2d Dep't. 2002), *appeal dismissed*, 99 N.Y. 2d 531; *Bidnick v. Johnson,* 253 A.D.2d 779 (2d Dep't. 1998).  Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result.  *See Parochial Bus Systems v. Board of Education*, 60 N.Y.2d 539, 548 (1983), *aff'd, N.Y. Bus Tours v. Kheel*, 993 F.2d 1533 (2d Cir. 1993).

Here, Plaintiff has failed to plead that she filed a notice of claim, and there is no notice of claim on file with the new York State Comptroller's Office.  Accordingly, all state claims asserted in the Complaint should be dismissed for failing to plead, let alone file, a notice of claim.

**B.      Plaintiff's State Law Claims Are Bared By The Statute Of Limitations**

Plaintiff's state law claims are also barred by the failure to bring them within the applicable one-year statutory period established in New York Education Law § 3813 (2-b). Indeed, even absent New York Education Law § 3813 (2-b), Plaintiff's claim for intentional infliction of emotional distress is also time barred under the one-year statute of limitations under New York law applicable to claims of assault, battery, and intentional infliction of emotional distress.  N.Y. C.P.L.R. § 215(3).  *See also Leibovitz v. City of N.Y.*, 2015 U.S. Dist. LEXIS 170476, at *51 (S.D.N.Y. Dec. 18, 2015) (citing *Bellissimo v. Mitchell*, 122 A.D.3d 560, 561 (2d Dep't 2014)).

Plaintiff's state law claims accrued, at the very latest, in April 2015, when she was terminated.  She thus had to bring any state law claims by April 2016 at the latest.  Plaintiff, however, did not commence the instant proceeding until September 2017.  Therefore, even if not precluded by the failure to file a Notice of Claim, Plaintiff's state claims would be precluded by the statute of limitations.  *See also Krauz v. Commack Union Free Sch. Dist.*, 203 A.D.2d 334, (2d Dep't 1996) (one year statute of limitations period applied to wrongful termination claim by former employee of a school district); *Peek v. Williamsville Bd. of Educ.*, 221 A.D.2d 919 (4th Dep't 1995) (holding that plaintiff's causes of action alleging violations of his State civil and constitutional rights and of his employment contract and his tenure rights were barred by plaintiff's failure to apply to file a notice of claim within the applicable one-year statute of

limitations period for commencing an action), *modified and aff'd*, 247 A.D. 2d 924, 925 (4th Dep't 1998).

**C.      Plaintiff's Negligent And Intentional Infliction Of Emotional Distress Claims Must Be Dismissed**

Plaintiff alleges in the Complaint that the DOE engaged in intentional and negligent infliction of emotional distress, presumably by preferring section 3020-a charges against her and subsequently, terminating her employment.   *See* Complaint, ECF Doc. No. 1, ¶ 10, 45.  Each of these claims must fail for the reasons set forth below.

It is well-settled that "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity."  *Moore v. Melesky*, 14 A.D.3d 757, 761 (3d Dep't 2005); *Wyllie v. Dist. Attorney of the Cnty. of Kings, et al.*, 2 A.D.3d 714, 720 (2d Dep't 2003).  As such, Plaintiff's claim against the DOE for intentional infliction of emotional distress must be dismissed.

Even if the DOE were subject to a claim for intentional infliction of emotional distress, Plaintiff would be unable to establish the elements necessary for such a claim.  To state a claim for intentional infliction of emotional distress against defendant, the plaintiff must allege and establish (i) extreme and outrageous conduct, (ii) with the intent to cause emotional distress, (iii) a causal connection between the conduct and the alleged injury, and (iv) that plaintiff has suffered severe emotional distress.  *Graupner v. Roth*, 293 A.D.2d 408, 410 (1st Dep't 2002).  It is extremely difficult to establish each of these elements.  In the very few instances in which the First Department has upheld claims of intentional infliction of emotional distress, those claims were "supported by allegations detailing a longstanding campaign of deliberate, systematic and malicious harassment of the plaintiff."  *Seltzer v. Bayer*, 272 A.D.2d 263, 264-5 (1st Dep't 2000).

For conduct to be sufficiently "extreme and outrageous" to give rise to a claim for intentional infliction of emotional distress, it must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Brasseur v. Speranza*, 21 A.D.3d 297, 298 (1st Dep't 2005) (citing *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 303 (1983), *rv'd on other grounds*, 136 A.D.2d 229, 230 (1st Dep't 1988)).  Indeed, the "threshold of outrageousness is so difficult to reach that, of the intentional infliction of emotional distress claims considered by the Court of Appeals, 'every one has failed because the alleged conduct was not sufficiently outrageous.'" *Seltzer*, 272 A.D.2d at 264 (citing *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 122 (1993)).

To the extent Plaintiff alleges a claim for negligent infliction of emotional distress, this claim too must fail because Plaintiff's allegations do not reach the high standard of conduct which negligent infliction of emotional distress claims address. A claim of negligent infliction of emotional distress also requires that the defendant's conduct be extreme and outrageous. *Leibovitz v. City of N.Y.*, 2015 U.S. Dist. LEXIS 170476, at *62 (S.D.N.Y. Dec. 18, 2015) (citing *Berrios v. Our Lady of Mercy Medical Center*, 20 A.D.3d 361, 362 (1st Dep't 2005)).

## D.      Plaintiff's State Due Process Claim Must Be Dismissed

Plaintiff's procedural due process claim under Article I, §§ 6, 8 of the New York State Constitution must be dismissed.  "There is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." *Devito v. Barrant*, No. 03-CV-1927 (DLI) (RLM), 2005 U.S. Dist. LEXIS 22444, at *24 (E.D.N.Y. Aug. 23, 2005) (*citing Flores v. City of Mount Vernon,* 41 F. Supp. 2d 439, 446-47 (S.D.N.Y. 1999)).  *See also Krug v. Cnty. of Rennselaer, et al.*, 559 F. Supp. 2d 223, 248 (N.D.N.Y. 2008).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Complaint be granted, that the Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.


Dated:          New York, New York
                May 11, 2018

                                        Respectfully Submitted,

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-109€
                                        New York, New York 10007
                                        (212) 356-35744
                                        ksouliop@law.nyc.gov


                                        By: */s/ Katerina Souliopoulos*
                                            Katerina Souliopoulos
                                            Assistant Corporation Counsel