17-CV-7414 (JMF)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERTA MORALES,

                                                                     Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                                         Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

*Of Counsel*:
William S.J. Fraenkel
Katerina Souliopoulos

i

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 2

STATEMENT OF FACTS .............................................................................................................. 4

ARGUMENT .................................................................................................................................. 4

      POINT I

            ARGUMENTS NOT ADDRESSED IN PLAINTIFF'S OPPOSITION SHOULD BE DEEMED ABANDONED ...................................... 4

      POINT II

            PLAINTIFF'S RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED ......................................................... 5

      POINT III

            THE DOE COMPLIED WITH THE NEW YORK EDUCATION LAW WHEN BRINGING SECTION 3020-A CHARGES AGAINST PLAINTIFF ......................................................... 6

CONCLUSION ............................................................................................................................... 9

**PRELIMINARY STATEMENT**

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE") respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Federal Civil Procedure Rule 12(c), to dismiss the Complaint in its entirety. The *pro se* Plaintiff's Opposition fails to address the majority of Defendant's arguments. Consequently, this Court may deem these arguments waived. As to those arguments of Defendant's which Plaintiff addresses, insufficient argument or evidence is provided to remediate the substantive deficiencies detailed in Defendant's motion. For example, Plaintiff continues to allege that Defendant retaliated against her by initiating section 3020-a charges against her and subsequently terminating her employment due to her advocacy on behalf of special education students. *See* Opposition ("Opp."), ECF Doc. No. 28, p. 2, 5-6. Plaintiff does not, however, allege with any detail what specific acts or comments constituted Plaintiff's alleged advocacy for which she was retaliated against. Because the Complaint and Opposition lack the necessary detailed factual averments to make out retaliation claims under either the First Amendment or section 504 of the Rehabilitation Act of 1973, these claims fail and must be dismissed.

Plaintiff's attempt to allege a *Monell* violation in the Opposition also falls short. Plaintiff appears to allege that the delegation of authority to initiate and resolve section 3020-a disciplinary proceedings pursuant to New York Education Law sections 2590-h and 2590-f is a pattern or practice that violates New York State law and her due process rights. *See* Opp., ECF Doc. No. 28, p. 5-11. Plaintiff's arguments, however, ignore the clear provisions of New York Education Law section 2590. Section 2590 of the Education Law solely applies to the DOE and provides that the Chancellor of the DOE shall have all the duties and authority of the employing board. Section 2590 further provides for the lawful delegation of those duties. *See* N.Y. Educ.

L. §§ 2590-f(1), 2590-h(19), (38). Moreover, Plaintiff's contentions regarding the interaction of §§ 3020-a and 2590 were previously addressed and dismissed by Justice Chan in *Morales v. N.Y.C. Bd./Dept. of Educ.*, Index 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb. 1, 2016) *aff'd by*, *Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017).[1] Plaintiff's allegation that Defendant violated her due process rights in bringing section 3020-a charges against her must therefore be dismissed.

Plaintiff mischaracterizes the decision in *Cardinale v. The N.Y.C. Dept. of Educ.*, No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018). Plaintiff contends that the holding in *Cardinale* mandates an Executive Session and vote to determine probable cause. *See* Opp., ECF Doc. No. 28, p. 13. However, as detailed in Defendant's original moving papers, the *Cardinale* decision does not go as far as Plaintiff asserts. Rather, the *Cardinale* court merely reflects that in that matter the DOE failed to put forth sufficient evidence of the appropriate delegations of authority pursuant to New York Education Law §§ 2590-h(19) and (38) were in effect during the at issue time period. Therefore, *Cardinale*, could not find that the arbitrator had subject matter jurisdiction. *Cardinale* thus does not mandate a vote in Executive session to determine probable cause under section 3020-a. To the contrary, the decision actually demonstrates that during the period at issue in the instant matter, the proper delegation existed.

As such, for the reasons more fully set forth below, all of Plaintiff's claims fail as a matter of law and, accordingly, the Complaint should be dismissed in its entirety.

---

[1] Judicial notice may be taken of Plaintiff's prior federal and state litigations and the resulting judicial opinions. Accordingly, solely the unreported decisions in *Morales v. N.Y.C. Bd./Dept. of Educ.*, Index 600002/2015, (N.Y. Sup. Ct. Chan, J., decided Feb. 1, 2016) *aff'd by*, *Morales v. N.Y.C. Bd./Dept. of Educ.*, 150 A.D.3d 468 (1st Dep't 2017), and *Cardinale v. The N.Y.C. Dept. of Educ.*, No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018), are annexed to the Declaration of Katerina Souliopoulos ("Souliopoulos Decl."), ECF Doc. No. 23, as Exhibits ("Exs.") "1-2," respectively.

## STATEMENT OF FACTS[2]

For a complete statement of the material and pertinent facts, Defendant respectfully refers the Court to its Memorandum of Law in Support of its Motion to Dismiss the Complaint, ECF Doc. No. 22, dated May 11, 2018, at pages 3-5.

## ARGUMENT

### POINT I

### ARGUMENTS NOT ADDRESSED IN PLAINTIFF'S OPPOSITION SHOULD BE DEEMED ABANDONED

Plaintiff's Opposition fails to address the majority of Defendant's arguments. Consequently, this Court may deem these arguments waived. Specifically, Plaintiff fails to address Defendant's assertions that (1) collateral estoppel and res judicata bar Plaintiff's claims under the Fourth and Fourteenth Amendments to the United States Constitution and under the New York State Constitution and Education Law, (2) res judicata bars Plaintiff's First Amendment, tortious interference with contract, and intentional and negligent infliction of emotional distress claims, (3) the Complaint fails to plead facts plausibly suggesting that (a) Defendant discriminated, retaliated, or violated Plaintiff's right to free speech, (b) Defendant subjected Plaintiff to intentional or negligent infliction of emotional distress, or tortuously interfered with a contract, or, (4) that all Plaintiff's state law claims asserted in the Complaint are barred the failure to file a Notice of Claim and by substantive deficiencies. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss the Complaint, ECF Doc. No. 22, p. 6-8, 9-15, 19-22. Because Plaintiff does not address the former arguments, the Court may deem

---

[2] For purposes of this motion only, Defendant takes the factual allegations of the Complaint and Opposition as true.

these claims abandoned. *See, e.g.*, *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 515, n. 21 (S.D.N.Y. 2003) (quoting *Taylor v. City of New York,* 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)).

## POINT II

### PLAINTIFF'S RETALIATION CLAIMS ARE DEFICIENT AND MUST BE DISMISSED

Plaintiff's retaliation claims under both the First Amendment to the United States Constitution and Section 504 of the Rehabilitation Act must be dismissed as both the Complaint and Opposition lack the necessary detailed factual averments to plead facts plausibly suggesting she engaged in protected activity. *See Smith v. City of N.Y.*, 2017 U.S. Dist. LEXIS 74499, at *7-8 (S.D.N.Y. May 16, 2017) (internal citation omitted) (holding that claim for retaliation pursuant to the First Amendment to the United States Constitution must "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms."); *Pape v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 106471, at *49 (S.D.N.Y. July 28, 2013) (stating that under section 504 protected activity must be "sufficiently pointed to be reasonably understood as a complaint of discrimination.").

Plaintiff's Opposition fails to provide detail as to what specific acts or comments constituted Plaintiff's alleged advocacy for which she was allegedly retaliated against. Indeed, Plaintiff fails even to allege when the protected speech or activity occurred, or what services her students allegedly did not receive. Plaintiff attempts to bolster her claims by attaching a 2015 letter by former U.S. Attorney Preet Bharara regarding some DOE schools' lack of physical accessibility as evidence of her protected activity. However, the 2015 letter is inapposite to Plaintiff's claims or her 2013 charges under section 3020-a. Consequently, Plaintiff cannot

establish a causal connection between the alleged protected activity and her termination. Thus, her claim for retaliation under the First Amendment and Rehabilitation Act each fail and must be dismissed.

## POINT III

### THE DOE COMPLIED WITH THE NEW YORK EDUCATION LAW WHEN BRINGING SECTION 3020-A CHARGES AGAINST PLAINTIFF

As in her previous litigations, Plaintiff maintains in the Opposition that the delegation of authority to initiate and resolve section 3020-a charges violates New York Education Law because there is no employing board voting in executive session to determine if probable cause exists to pursue a disciplinary hearing. *See* Opp., ECF Doc. No. 28, p. 2-10. *See also* Complaint, ECF Doc. No. 1, ¶¶ 18, 20, 25. Plaintiff is mistaken, however, because the New York Education Law specifically provides for delegations of authority.

Plaintiff's arguments ignore the provisions of New York Education Law §§ 2590-h (19) and (38), which specifically grant the Chancellor the authority to "exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff," and to "delegate the exercise of all such duties and responsibilities to all of the community superintendents of the city district." N.Y. Educ. Law § 2590-h(38); *see also Dunn v. N.Y.C. Dep't of Educ.*, No. 115639/11, 2011 N.Y. Misc. LEXIS 3918, at *72 (Sup. Ct., N.Y. Cnty. July 27, 2011) (In "unambiguous terms," the statutory provisions of the Education Law "allow the Chancellor to delegate his or her powers with respect to [§ 3020-a].").

Section 2590-h(19) additionally provides that the Chancellor may "[d]elegate any of his or her powers and duties to such subordinate officers or employees as he or she deems appropriate and to modify or rescind any power and duty so delegated." N.Y. Educ. L. § 2590-h(19). Section 2590-f, in turn, authorizes Community Superintendents "to delegate any of her or his powers and duties to such subordinate officers or employees of her or his community district as she or he deems appropriate, at his or her sole discretion . . . ." N.Y. Educ. Law § 2590-f (1-b). The Chancellor of the DOE is thus authorized by New York Education Law to delegate his or her power of the employing board to determine probable cause and initiate section 3020-a proceedings against a tenured employee to the community superintendents, who lawfully may further delegate those responsibilities to local principals within their districts. *See Pina-Pena v. N.Y.C. Dep't. of Educ.*, No. 100517/13, 2014 N.Y. Misc. LEXIS 1630, at *9-11 (Sup. Ct. N.Y. Cnty. Apr. 4, 2014) ("Notably, this argument has already been cast aside by other trial courts in recent years.").

Owing to the clarity of the forgoing statutory provisions the hearing officer presiding over Plaintiff's section 3020-a proceeding dismissed Plaintiff's motions claiming a lack of subject matter jurisdiction. *See* Opp., ECF Doc. No. 28, p. 4-5. In that the law allows delegation of the Chancellor's authority to prefer charges against tenured pedagogical staff there was no violation of statute. The disciplinary procedures were properly conducted under New York Education Law and Plaintiff's claim must accordingly be dismissed.

Furthermore, the decision in *Cardinale v. The N.Y.C. Dept. of Educ.*, No. 085165/2017 (Sup. Ct., Richmond Cnty., April 3, 2018), does nothing to aid Plaintiff. *See Cardinale*, which was annexed to the Souliopoulos Declaration dated May 11, 2018 as Exhibit "2", ECF No. 23. Rather, the *Cardinale* decision is a narrow one and holds that the record,

which was not developed, did not contain evidence that the then DOE Chancellor Carmen Fariña had made the delegation permitted by section 2590-h(19) of the Education Law. *See id.* at 8. On that basis the Petition was granted. The decision, however, supports Defendant's position.

The *Cardinale* decision notes in footnote two on page 3, that the *Pina-Pena* case reflects that Chancellor Dennis [Walcott] *sic* issued the appropriate delegation of authority. *See id.* at 3, n.2. Plaintiff was charged under section 3020-a in August 2013. *See* Souliopoulos Decl., ECF Doc. No. 23, Ex. "1," at 1. This Court may take judicial notice that Dennis Wolcott served as DOE Chancellor from April 14, 2011 until December 31, 2013. Thus, at the time Plaintiff was charged in August 2013, the appropriate delegations pursuant to New York Education Law §§ 2590-h (19) and (38) were in effect. Therefore, Plaintiff's claims alleging that DOE violated section 3020-a procedures, and accordingly her due process rights, are without merit and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Complaint be granted, that the Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated:　　　New York, New York
　　　　　　July 5, 2018

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　**ZACHARY W. CARTER**
　　　　　　　　　　　　　　　　　　　　Corporation Counsel of the City of New York
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　(212) 356-35744
　　　　　　　　　　　　　　　　　　　　ksouliop@law.nyc.gov


　　　　　　　　　　　　　　　　　　By: */s/ Katerina Souliopoulos*
　　　　　　　　　　　　　　　　　　　　Katerina Souliopoulos
　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel