UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
BERTA MORALES, :
:
Plaintiff, :
: 17-CV-7414 (JMF)
-v- :
: MEMORANDUM OPINION
THE DEPARTMENT OF EDUCATION OF : AND ORDER
THE CITY OF NEW YORK, :
:
Defendant. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In 2013, the New York City Department of Education ("DOE") brought disciplinary charges against Berta Morales, a special education teacher, pursuant to New York Education Law Section 3020-a. *See Morales v. N.Y.C. Bd. of Educ.*, Index 600002/2015, at 1 (N.Y. Sup. Ct. Feb. 1, 2016) ("*Morales II*"),[1] *aff'd*, *Morales v. N.Y.C. Bd.*, 150 A.D.3d 468 (N.Y. App. Div. 1st Dep't 2017) ("*Morales III*"). Following an evidentiary hearing, a hearing officer sustained charges of incompetent and inefficient service, insubordination, neglect of duty, poor judgment, and unwillingness and inability to follow procedures and carry out normal duties during three school years. *See Morales II*, at 1-2. Based on those findings, the hearing officer determined that just cause existed to terminate Morales and he terminated her. *See id.* at 2.

In this case, Morales, proceeding without counsel, brings various claims relating to her termination. In particular, she alleges that the DOE violated her rights under the Fourth and

---

[1] The Decision and Order in *Morales II* is unreported, but appears in the record at Docket No. 23, Exhibit 1. The Court can and does take judicial notice of that and the other decisions discussed herein "to establish their existence and legal effect." *Bejaoui v. City of New York*, No. 13-CV-5667 (NGG), 2015 WL 1529633, at *6 (E.D.N.Y. Mar. 31, 2015).

Fourteenth Amendments of the United States Constitution and under Article I of the New York State Constitution; that the DOE discriminated and retaliated against her in violation of the First Amendment to the United States Constitution and the Rehabilitation Act of 1973 (the "Rehabilitation Act"), codified as amended at 29 U.S.C. §§ 701, *et seq.*, after she "questioned the lack of services for her students." *See* Docket No. 1 ("Compl."). Morales also asserts various state-law claims, including tortious interference with contract, intentional infliction of emotional distress, and various claims that the DOE violated Section 3020-a of the New York Education Law. *See id.* The DOE now moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings, contending (among other arguments) that Morales's claims are barred by the doctrines of claim and issue preclusion. *See* Docket No. 22, at 6-8.[2]

Claim preclusion and issue preclusion are "'related but distinct'" concepts. *In re Indu Craft Inc.*, No. 11-CV-5996 (JMF), 2012 WL 3070387, at *10 (S.D.N.Y. July 27, 2012) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)). The former "bars the relitigation . . . of claims that were, *or could have been*, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010); *see also In re Old Carco LLC*, No. 14-CV-2225 (JMF), 2014 WL 6790781, at *2 (S.D.N.Y. Dec. 1, 2014). The latter bars relitigation where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the

---

[2] A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6). *See, e.g.*, *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Thus," a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor. To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

2

resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (alteration and internal quotation marks omitted). In either case, the preclusive effects of the prior judgment are not "altered by the fact that the [prior] judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *accord Laaman v. United States*, 973 F.2d 107, 112 (2d Cir. 1992).[3]

Applying those standards here, Morales's federal claims must be dismissed on account of the prior proceedings to which she was a party. First, prior to her termination, Morales joined a lawsuit in this Court alleging that the DOE's procedures for teacher discipline violated her procedural due process rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Article I of the New York State Constitution. *See Ingber v. N.Y.C. Dep't of Educ.*, No. 14-CV-3942 (JMF), 2014 WL 6888777, at *1 (S.D.N.Y. Dec. 8, 2014) ("*Morales I*"); *see* Complaint, *Ingber v. N.Y.C. Dep't of Educ.*, Docket No. 1, 14-CV-3942 (JMF), (S.D.N.Y. June 3, 2014). In that suit, Morales and her fellow plaintiffs contended that their due process rights had been violated because the DOE did not comply with the procedures set out in Section 3020-a of the New York Education Law. *See Morales I*, 2014 WL 6888777, at *1. This

---

[3] Both claim and issue preclusion are affirmative defenses, *see* Fed. R. Civ. P. 8(c)(1); *Curry v. City of Syracuse*, 316 F.3d 324, 330 (2d Cir. 2003), and normally "a plaintiff is not required to anticipate potential affirmative defenses and to affirmatively plead facts in avoidance of such defenses." *Galin v. Hamada*, No. 15-CV-6992 (JMF), 2016 WL 2733132, at *2 (S.D.N.Y. May 10, 2016) (citations, alterations, and internal quotation marks omitted). Nevertheless, a court may grant a motion for judgment on the pleadings where, as here, "the defense clearly applies" on the face of the pleadings (and matters of which the Court can take judicial notice). *Id.*; *see Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13-CV-6705 (DLC), 2014 WL 241739, at *3 (S.D.N.Y. Jan. 22, 2014) (noting, in evaluating an affirmative defense at the motion-to-dismiss stage, that "[i]n addition to the four corners of the complaint, the court may also consider documents appended to the complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken" (alterations and internal quotation marks omitted)).

Court dismissed the plaintiffs' federal claims on two grounds: that they had failed to adequately plead the existence of a protected property or liberty interest and that they had received all of the process to which they were due. *See id.* at *3-4. The Court then declined to exercise supplemental jurisdiction over the plaintiffs' state-law claims and dismissed the case. *See id.* at *4. Then, after her termination, Morales brought an Article 75 proceeding in New York State Supreme Court challenging the adequacy of the Section 3020-a hearing at which the hearing officer had determined that there existed just cause for her termination. *See Morales II*, Index No. 600002/2015, at 1. In the Article 75 proceeding, Morales alleged various violations of her constitutional rights and of Section 3020-a. *See id.* at 2-3. On the DOE's motion, the New York Supreme Court dismissed Morales's claims and confirmed the hearing officer's decision. *See id.* at 4-8. Morales appealed, and the Appellate Division affirmed on the merits. *See Morales III*, 150 A.D.3d at 468-69.

The preclusive effects of those proceedings are fatal to nearly all of Morales's federal claims here. First, any federal due process claim arising from her termination must fail because, regardless of any property or liberty interests at stake, Morales received all the process she was due at the Section 3020-a hearing. *See, e.g.*, *Ramberran v. Dellacona*, No. 07-CV-304 (CBA), 2008 WL 905217, at *4 (E.D.N.Y. Mar. 31, 2008) ("[T]he procedures outlined by § 3020-a of the Education Law, when followed, are more than adequate procedural safeguards to satisfy the plaintiff's due process rights under the Fourteenth Amendment." (internal quotation marks omitted)). Indeed, the doctrine of issue preclusion bars Morales from asserting that she received anything less than an adequate hearing as far as Section 3020-a is concerned. Morales had a full and fair opportunity to litigate the propriety of her Section 3020-a hearing before the Article 75 court, which specifically found that the hearing was procedurally adequate. *See Morales II*,

4

Index No. 600002/2015, at 4 ("[Morales's] due process rights were not violated. She was represented by counsel, presented evidence, testified, cross-examined witnesses and presented witnesses to testify on her behalf."). Because the requirements of issue preclusion are met with respect to that finding, Morales is barred from relitigating it here. *See Blythe v. City of New York*, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013) (holding that a plaintiff was precluded from arguing that a Section 3020-a proceeding was deficient "[b]ecause the Article 75 court previously determined that the procedures employed in the § 3020-a hearing were fair"). And, absent any basis to assert that she received less than due process in connection with her termination, Morales's Fourteenth Amendment claims cannot survive.

Issue preclusion also foils any retaliation claims Morales seeks to bring under the First Amendment or the Rehabilitation Act. After all, the Section 3020-a hearing officer held, and the Article 75 court affirmed, "that there was no basis to conclude that [the principal's] actions were motivated by anything other than a desire to see quality teachers at PS 70." *Morales II*, Index No. 600002/2015, at 7. In any event, any such claims also fail on the merits. "[T]he elements of a retaliation claim under [the Rehabilitation Act] . . . are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (internal quotation marks omitted). Similarly, "[t]o state a prima facie claim of First Amendment retaliation under Section 1983, [a plaintiff] must offer some tangible proof that 1) her speech was constitutionally protected; 2) she suffered an adverse employment action; and 3) a causal relationship between the two existed in that the speech was a substantial or motivating factor for the adverse employment action." *Burkybile v.*

5

*Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 313 (2d Cir. 2005). But even construing Morales's Complaint liberally, the Court concludes that she fails to allege any facts plausibly suggesting that she was engaged in protected activity or that there was a causal connection between any such activity and her termination. Morales's only such allegation — the simple assertion that she "was harmed because she questioned the lack of services for her students," Compl. ¶ 4 — is both too cursory and too conclusory to constitute a plausible allegation of protected activity. In any event, Morales's Complaint is devoid of *any* factual allegation supporting even a generous inference of a causal relationship between the adverse actions taken against her and any protected activity. Her retaliation claims, whether brought under the First Amendment or the Rehabilitation Act, must therefore be dismissed.

Finally, to the extent that Morales brings claims under the Fourth Amendment, those claims are dismissed as frivolous. Morales's allegations have nothing to do with the rights involving unreasonable searches and seizures protected by the Fourth Amendment. Similarly, Morales includes in her Complaint a brief, conclusory statement that the DOE deprived her of equal protection of the laws in violation of the Fourteenth Amendment, Compl. ¶ 46; in the absence of any accompanying factual support, any such claim is dismissed as frivolous as well.

In short, the DOE's motion for judgment on the pleadings is GRANTED with respect to Morales's federal claims, which must be and are dismissed. Further, because the problems with those claims are substantive and cannot be cured, the Court declines to grant leave to amend on its own initiative. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a district court may deny leave to amend when amendment would be futile because the problems with the plaintiff's claims are "substantive" and "better pleading will not cure" them). Next, the Court declines to exercise supplemental jurisdiction over Morales's state-law claims. *See* 28

U.S.C. § 1367(c); *see also, e.g.*, *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (recognizing that if a plaintiff's federal claims are dismissed before trial and there has not been a substantial expenditure of resources on the state claims, state-law claims should generally be dismissed as well); *accord Ingber*, 2014 WL 6888777, at *4. Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and, thus, *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket No. 21; to mail a copy of this Memorandum Opinion and Order to Morales; and to close the case.

SO ORDERED.

Dated: March 15, 2019
New York, New York

JESSE M. FURMAN
United States District Judge